DAVID B. ABEL, SBN 156744
davidabel@abelpatentlaw.com
LAW OFFICE OF DAVID B. ABEL
111 N. Sepulveda, Suite 250
Manhattan Beach, CA 90266
Telephone: (310) 850-4599

SEVAG DEMIRJIAN, SBN 243656
sevag@foundationlaw.com
FOUNDATION LAW GROUP LLP
4605 Lankershim Blvd., Suite 650
North Hollywood, CA 91602
Telephone: (310) 870-3977

Attorneys for Plaintiff
Monsta Athletics, LLC

Rodger K. Carreyn, SBN 210432
RCarreyn@perkinscoie.com
Gabrielle E. Bina (*Pro Hac Vice*)
GBina@perkinscoie.com
Kaitlin Dryden, (*Pro Hac Vice*)
KDryden@perkinscoie.com
PERKINS COIE LLP
33 E Main St, Ste 201
Madison, Wisconsin 53703-3095
Telephone:  +1.608.663.7460

Joseph P. Hamilton, SBN 211544
JHamilton@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Ste 1700
Los Angeles, CA 90067-1721
Telephone:  +1.310.788.3271

Attorneys for Defendants
Easton Diamond Sports, LLC and
Rawlings Sporting Goods Company,
Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Monsta Athletics, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>Easton Diamond Sports, LLC, a Delaware Limited Liability Corporation, Rawlings Sporting Goods Company, Inc., a Delaware Corporation,<br><br>Defendants | CASE NO. 5:23-cv-00963-JWH (KK)<br><br>**JOINT RULE 26(F) REPORT FOR SCHEDULING CONFERENCE**<br><br>Complaint Filed: 5/26/2023 |

Plaintiff Monsta Athletics LLC ("Monsta"), by and through its undersigned counsel, and Defendants Easton Diamond Sports, LLC (Easton") and Rawlings Sporting Goods Company, Inc. ("Rawlings") (collectively, "Defendants"), by and

through their undersigned counsel, hereby submit the parties' Joint Rule 26(f) Report.

**STATEMENT OF THE CASE**

This is an action for false marking regarding U.S. Patent No. 6,997,826 (the "'826 Patent"). Easton is the owner by assignment of the '826 Patent. Easton and Rawlings utilize their websites to identify products embodying the '826 Patent.

Monsta filed a Complaint for false marking pursuant to 35 U.S.C. § 292. Monsta contends that Easton and Rawlings have falsely marked Easton bat models as embodying the '826 Patent and that the false marking has injured Monsta.

Defendants deny that any false marking has occurred. Defendants have filed a motion to dismiss the Complaint under Rules 12(b)(1) and 12(b)(6) on the grounds that Monsta has failed to plead that it suffered a competitive injury as a result of the alleged false marking and has failed to plead with sufficient particularity facts demonstrating that Easton and Rawlings acted with the requisite intent to deceive the public. Defendants have not filed an Answer to the Complaint.

**SUBJECT MATTER JURISDICTION**

Monsta contends that this Court has jurisdiction over Monsta's Claim pursuant to 28 U.S.C. §§ 1338(a), 1367, 2201, and 2202. Defendants contend that the Court lacks jurisdiction over the subject matter for the reasons set forth in their pending Motion to Dismiss.

**LEGAL ISSUES**

**Monsta's Statement**: Easton is the assignee and owner of the '826 Patent. Easton and Rawlings identify over one hundred bat models as embodying the '826 Patent on their websites. For a bat to be properly marked with the '826 patent number, it must literally embody each and every properly construed claim

Error! Unknown document property name.

limitation of at least one claim of the '826 Patent.  Monsta contends that when the claim limitations of the '826 Patent are properly construed, no Easton (or Rawlings) bat literally embodies any claim of the '826 Patent.  Monsta further contends that Easton and Rawlings falsely marked bats as embodying the '826 patent without properly construing the claims thereof, with an intent to deceive the public and injure Monsta and in order to support the domestic industry requirement of the ITC action, *In the Matter of Certain Composite Baseball and Softball Bats and Components Thereof*, Inv. No. 337-TA-1283 (the "ITC action"), concerning the '826 patent.

**Defendants' Statement**: Defendants deny that they have falsely marked any bats and further assert that Monsta has failed to state a claim upon which relief can be granted.  Monsta will not be able to prove that Easton or Rawlings has marked any unpatented article, that Easton or Rawlings acted with the requisite intent to deceive the public, or that Monsta suffered a competitive injury, as required under 35 U.S.C. § 292.  Monsta's claim-construction position is not supported by the prosecution history or the law of estoppel.  Under any reasonable construction, the bats listed on Easton's and Rawlings' websites satisfy the limitations of at least one claim of the '826 patent.  Easton and Rawlings had no intent to deceive the public (or anyone else), and Monsta has not pled and cannot demonstrate any competitive injury caused by the alleged false marking.

**PARTIES, EVIDENCE, ETC.**

**Plaintiff's Statement**

Monsta Athletics, LLC ("Monsta"), is a California Limited Liability Company having a principal place of business at 1090 5th street, Suite 115, Calimesa, California 92223. Monsta's primary witness is Carl Pegnatori the managing member and majority owner of Monsta Athletics, LLC.  Monsta anticipates that the following additional fact witnesses will be called to testify at

Error! Unknown document property name.

deposition and/or trial: Terrance Sutherland; Stephen Fitzgerald; Frederic St. Laurent; William B. Gianetti; Daniel Russell; David French, Miltond LLP; a designated witness from the "external laboratory specializing in collision dynamics" identified in the patent-in-suit; Matthew Vacek and George Griffith.

Monsta anticipates that the key documents will include the '826 Patent and its file history in patent application serial no. 10/382,242. Monsta further anticipates that the following prior-art documents and things may be significant to the proper construction of the claims of the '826 Patent: US Application Serial Nos. 10/844,476 and publication US2004/0209716; the Miken ULTRA composite bat introduced in 2002 which included two integrally formed carbon composite sleeves separated by a releasing layer of polypropylene; U.S. Patent Nos.: 5,415,398; 6,042,493; 6251,034; 6,398,675; 6,425,836; 6,761,653; 6,764,419; 7,229,370 and Japanese publication JP2001-054605.

Monsta identifies the following general categories of documents and information it intends to submit or seek in this action. Monsta reserves the right to rely on any admissible evidence, whether identified below or not, at any hearing in this action.

• Documents, reports, and testimony regarding the ITC investigation filed by Easton;

• Documents, expert reports, and testimony regarding Easton's and Rawlings' and their predecessors in interest actions relating to the patent-in-suit;

• Documents, expert reports, and testimony regarding the proper claim construction of the patent-in-suit;

• Documents, expert reports, and testimony regarding the design, manufacture, structure, and marking of the bat products identified as embodying the patent-in-suit.

Error! Unknown document property name.

• Documents, expert reports, and testimony regarding Easton and Rawlings' decision to modify their websites to identify bats as embodying the patent-in-suit in advance of filing the ITC action.

• Documents, expert reports, and testimony regarding the quantification of damages to be awarded to Monsta.

Based on information reasonably available at this early stage of the action, Monsta identifies the following issues to be litigated.

(a) The proper construction of the claims of the patent-in-suit;

(b) Whether the Bat Products identified on the Easton and Rawlings websites marking of the patent-in-suit literally embody any claim thereof as properly construed;

(c) Whether Easton and Rawlings have falsely marked bats as embodying the patent-in-suit; and

(d) Damages to be awarded for Easton's and Rawlings' false marking.

**Defendants' Statements**

Easton Diamond Sports, LLC ("Easton"), is a Delaware Limited Liability Company having an address of 3500 Willow Lane, Thousand Oaks, California 91361.  Rawlings Parent, Inc. and Rawlings Sporting Goods Company, Inc. are corporate parents to Easton.

Rawlings Sporting Goods Company, Inc. ("Rawlings"), is a Delaware corporation having an address at 510 Maryville University Drive, Suite 110, Saint Louis, MO 63141, and a subsidiary having an address of 3500 Willow Lane, Thousand Oaks, California 91361.  Rawlings is 100% owned by Rawlings Parent, Inc., and Rawlings Parent, Inc. is owned by Seidler Equity Partners, Major League Baseball, and BCE Acquisition US, Inc. (BCE Acquisition US, Inc. is owned by Fairfax Financial Holdings Limited and Power Corporation of Canada).

Defendants identify the following potential fact witnesses: Carl Pegnatori, Frederic St. Laurent, and William Terrance Sutherland.  Defendants will identify

Error! Unknown document property name.

their expert witness(es) at the time required by the Federal Rules or the Court's scheduling order.

In addition to the categories identified above by Plaintiff, Defendants identify the following general categories of documents and information they intend to submit or seek in this action:

- Documents, expert reports, and testimony regarding the configuration of the accused bats;
- Documents, expert reports, and testimony regarding the '826 patent, the prosecution of the patent, and the proper construction of the claims of the patent;
- Documents, expert reports, and testimony regarding Defendants' patent marking websites and Defendants' decisions to modify their websites;
- Documents, expert reports, and testimony regarding the market and competition therein;
- Documents, expert reports, and testimony regarding Plaintiff's claim of competitive injury; and
- Documents, expert reports, and testimony regarding Plaintiff's alleged damages (or lack thereof).

The issues are not yet fully developed, and Defendants' investigation is ongoing. Accordingly, Defendants reserve the right to identify additional individuals and/or key documents at a later date. Further, Defendants reserve the right to rely on any admissible evidence, whether identified above or not, at any hearing in this action.

**DAMAGES**

Monsta seeks damages for Easton's and Rawlings' alleged false marking of bats on the Easton and Rawlings websites, including but not limited to fees and costs in excess of $500,000 incurred to defend the ITC action that could only have

Error! Unknown document property name.

been maintained by virtue of the false marking of products to satisfy the domestic-industry requirement, and other damages to Monsta from lost sales, lost profits and injury to reputation to be determined through discovery and expert testimony.

Defendants deny that Monsta is entitled to any damages or other relief, and deny that the relief requested by Monsta is recoverable under the relevant law. Defendants intend to seek at least attorneys' fees, expenses, and costs.

**INSURANCE**

Defendants are in the process of determining whether there is any insurance coverage for the false marking claim in this action.

**MOTIONS**

After a claim-construction determination, Monsta anticipates filing a Motion for Summary Judgment on the false-marking claim.

In the event the Court does not grant Defendants' motion to dismiss with prejudice, Defendants anticipate filing an additional Motion to Dismiss, if warranted, and/or a Motion for Summary Judgment.

**MANUAL FOR COMPLEX LITIGATION**

It is not anticipated that these procedures will be needed.

**STATUS OF DISCOVERY**

Discovery commenced after completion of the parties' Rule 26(f) conference on July 28, 2023.

**DISCOVERY PLAN**

The parties anticipate that the scope of discovery will cover the factual and legal issues identified above.  The parties reserve the right to obtain discovery on

Error! Unknown document property name.

any matters relevant to the asserted claims, counterclaims, and/or defenses.
Discovery will include mandatory Rule 26 disclosures, written discovery,
depositions, and potentially third-party discovery. The parties do not believe
discovery should be bifurcated or conducted in phases.

The parties do not anticipate issues to arise regarding the disclosure,
discovery, or preservation of electronically stored information ("ESI"). The parties
intend to cooperate to ensure the proper and efficient production of ESI in this case.

**Disclosures**

The parties propose that no changes be made to the form or requirement for
making initial disclosures under Rule 26(a)(1). The parties will exchange initial
disclosures on August 11, 2023.

**Written Discovery**

The parties plan to serve Requests for Production, Interrogatories, and/or
Requests for Admission and may serve additional written discovery within the
limits of the Federal Rules. The parties agree that any motions challenging the
adequacy of discovery responses shall be filed timely, served, and calendared
sufficiently in advance of the discovery cut-off date to permit the revised responses
to be obtained before that date, if the motion is granted.

**Depositions**

The parties plan to take at least Rule 30(b)(6) depositions of the other party
as well as depositions of any other witnesses with relevant information, the
identities of whom are not yet known. Depositions shall take place in advance of
the discovery cut-off date and after the parties complete written discovery necessary
to conduct such depositions.

**Protective Order**

To the extent that discovery in this matter will require the production of
documents containing confidential, proprietary, private, and/or sensitive
information, the parties agree to stipulate to entry of a Protective Order.

Error! Unknown document property name.

**Proposed Limits or Modifications of Discovery Rules**

Except as expressly stated below, the parties agree that discovery is subject to the limitations set forth in the Federal Rules of Civil Procedure and Local Rules of this Court, as well as the Protective Order to be entered in this action. If a party requests modification of any of the discovery limitations set forth below, the parties agree to meet and confer in good faith in an attempt to resolve the issue without Court intervention. If the parties are unable to reach agreement, a party may seek leave from the Court for additional discovery.

- **Requests for Production.** The parties agree that there is no presumptive limit on the number of requests for production that each side may serve, consistent with the Federal Rules of Civil Procedure.

- **Interrogatories.** The parties agree that each side may serve up to 25 interrogatories, consistent with the Federal Rules of Civil Procedure.

- **Requests for Admission.** The parties agree that each side may serve up to 50 requests for admission. This limit does not apply to requests dedicated solely to the authenticity of documents.

- **Fact Depositions.** The parties agree that all fact depositions, including Rule 30(b)(6) depositions, will be limited to no more than seven hours on the record. For clarity, this limit does not apply to Rule 30(b)(6) depositions when multiple witnesses are designated pursuant to a single Rule 30(b)(6) deposition notice (e.g., if two witnesses are designated in response to a single Rule 30(b)(6) deposition notice, each witness will be made available for seven hours of deposition). The parties agree that each side shall be limited to a total of ten depositions of party witnesses, consistent with Federal Rule of Civil Procedure 30(a)(2)(A).

- **Expert Depositions.** The parties agree that an expert witness may be deposed for up to seven hours for each expert report (excluding reply expert reports in support of an opening expert report) that the expert

Error! Unknown document property name.

submits. If an expert submits multiple reports, the parties agree they will use their best efforts to complete the expert's deposition in one day, and if that is not possible, on consecutive days.

- **Email Service.**  The parties consent to service by email and agree that service of a document by email on counsel of record shall have the same effect as service of the document by hand for purposes of computing any responsive deadlines.

**DISCOVERY CUT-OFF**

The parties' respective proposals for the final day for completion of all discovery, including hearings on all discovery motions, are provided in Exh. A.

**EXPERT DISCOVERY**

Expert Disclosure (Burden of Proof)    (see Exh. A proposals)

Expert Disclosure (Rebuttal)              (see Exh. A proposals)

Expert Discovery Cut-Off                  (see Exh. A proposals)

**SETTLEMENT CONFERENCE / ADR**

The parties have not yet entertained any settlement discussions.  The parties have agreed that they will conduct and conclude a private mediation no later than forty-five (45) days before the Final Pretrial Conference.

**TRIAL ESTIMATE**

It is anticipated that both parties will request a jury trial.  The parties anticipate that trial will take 3-4 days.

**TRIAL COUNSEL**

Error! Unknown document property name.

**Plaintiff:**    David  Abel,  Law  Office  of  David  B.  Abel;  Sevag  Demirjian, Foundation Law Group, LLP

**Defendants**: Rodger  K.  Carreyn,  Joseph  Hamilton,  Gabrielle  E.  Bina,  Kaitlin Dryden, Perkins Coie LLP

**INDEPENDENT EXPERT OR MASTER**

The Parties do not believe an independent expert or master is warranted in this case.

**SCHEDULE WORKSHEET**

The parties' proposed schedule worksheet is attached hereto.

**OTHER ISSUES**

The parties have discussed consolidating the claim-construction issues in this action with the claim-construction issues in the copending *Easton Diamond Sports, LLC v. Monsta Athletics, LLC*, 5:21-cv-01626-JWH-KK.  The parties have not agreed that the cases should be consolidated.

**CONSENT TO PROCEED BEFORE MAGISTRATE JUDGE**

The parties do not consent to the assignment of this matter to a Magistrate Judge.

Error! Unknown document property name.

1   Dated:  August  4, 2023            By: /s/ David B. Abel

2                                           Attorneys for Plaintiff
                                            Monsta Athletics, LLC
3

4   Dated:  August 4, 2023              PERKINS COIE LLP

5                                            /s/ Rodger K. Carreyn

6                                            Rodger K. Carreyn

7                                            Attorneys for Defendants Easton

8                                            Diamond Sports, LLC, and Rawlings
                                             Sporting Goods Company, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Error! Unknown document property name.

## EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| | | | |
|---|---|---|---|
| **Case No.:** | 5:23-cv-00963-JWH (KK) | | |
| **Case Name:** | Monsta Athletics, LLC, v. Easton Diamond Sports, LLC, et al. | | |

| Event | Plaintiff's Request month/day/year | Defendant's Request month/day/year | Court's Order |
|---|---|---|---|
| ☑ Jury Trial *or* ☐ Bench Trial **(Monday at 9:00 a.m.)** Length: 3-4 days | Sept. 16, 2024 | Sept. 16, 2024 | |
| Final Pretrial Conference [L.R. 16] **(Friday−17 days before trial date)** | Aug. 30, 2024 | Aug. 30, 2024 | |
| Hearing on Motions *in Limine* **(Friday−7 days before Final PTC)** | Aug. 23, 2024 | Aug. 23, 2024 | |
| Last Date to Hear Non-Discovery Motions | July 19, 2024 | July 19, 2024 | |
| Last Date to Conduct Settlement Conference | June 7, 2024 | June 7, 2024 | |
| All Discovery Cut-Off (including hearing all discovery motions) | July 12, 2024 | May 10, 2024 | |
| Expert Disclosure (Rebuttal) | May 3, 2024 | Mar. 1, 2024 | |
| Expert Disclosure (Initial) | April 19, 2024 | Jan. 26, 2024 | |

Error! Unknown document property name.